**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Tania V.M.,

Plaintiff,

v.

Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her capacity as Secretary of the United States Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; and David Easterwood, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement,

Respondents.

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**
Civil No. 26-699 ADM/LIB

---

Jacob Richard Peterson, Esq., Zimmer Law Group, LLC, Saint Paul, MN, on behalf of Petitioner.

J. Cruz Rodriguez, Special Assistant United Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Respondents.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Tania V.M.'s ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1].[1] For the reasons stated below, the Court grants Petitioner's habeas petition and orders Respondents to provide her with a bond hearing under 8 U.S.C. § 1226(a).

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner by only her first name and last initials.

## II. BACKGROUND

Petitioner is a citizen of Mexico and a resident of Baldwin, Wisconsin. Pet. ¶¶ 7, 12. She has lived in the United States since August 2024. Id. ¶ 12.

At the time Petitioner entered the United States in August 2024, she was the fiancée of a United States citizen. Id. ¶ 13. Petitioner entered the Unites States legally with a valid K-1 visa after obtaining an approved I-129F petition with U.S. Citizenship and Immigration Services ("USCIS") Id.

Within the three-month period after lawfully entering the United States, Petitioner and her U.S. citizen spouse were married in September 2024. Id. As such, she is statutorily eligible to submit Form I-485, Application to Register Permanent Residence or Adjust Status, which, if approved, would make her a lawful permanent resident of the United States. Id. Petitioner avers that she has not submitted Form I-485 but intends to do so and is in the process of completing the form. Id. ¶¶ 13, 31.

Petitioner is not subject to a final order of removal and has no criminal history in the United States. Id. ¶¶ 13-14.

On January 25, 2026, Respondent Immigration and Customs Enforcement ("ICE") arrested Petitioner outside of her home as she and her husband were going to the grocery store. Id. ¶ 15. Petitioner is currently being detained at Fort Snelling in Saint Paul, Minnesota. Id. ¶¶ 7, 19.

Petitioner filed this habeas action challenging her detention under 28 U.S.C. § 2241. She argues that her detention pending resolution of her ongoing immigration proceedings violates her Fifth Amendment Right to due process. Id. ¶¶ 26-33. Petitioner seeks immediate release or, alternatively, a bond hearing under 8 U.S.C § 1226(a). Id. ¶¶ 1, 34, 38.

Respondents have submitted a Response [Docket No. 5] arguing that Petitioner was taken into custody because she failed to file Form I-485 within 90 days of being admitted as a nonimmigrant and thus failed to comply with the conditions of her nonimmigrant status. Respondents assert that Petitioner is being detained under § 1226(a) and that the proper remedy is for a bond hearing to be held before the Immigration Court.

## III. DISCUSSION

Respondents concede that Petitioner's detention is governed by 8 U.S.C. § 1226(a). Pursuant to that provision, Petitioner is entitled to a bond hearing. See 8 U.S.C. § 1226(a)(2) (providing for release on bond or conditional parole). Accordingly, the Court grants the Petition to the extent that Petitioner seeks a bond hearing

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Tania V.M.'s Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED** as follows:

1. The Court DECLARES that Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. §1226.

2. Respondents are ordered to provide Petitioner with a bond redetermination hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

3. If Respondents do not provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order, Petitioner must be immediately released from detention.

4. Within 10 days of the date of this Order, the parties must provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for further litigation.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

Dated: February 2, 2026

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE